TARA K. McGRATH
United States Attorney
PATRICK SWAN/KATHERINE McGRATH
California Bar Nos.: 306526/287692
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9054
Email: Katherine.McGrath@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK LARSEN (1),<br>CASK TECHNOLOGIES, LLC (2),<br><br>Defendants. | Case No.: 24-CR-2111-TWR<br><br>**JOINT MOTION FOR DISCLOSURE OF RECORDS AND TO ISSUE PROTECTIVE ORDER** |

The parties jointly move the Court to issue a Protective Order regarding discovery, pursuant to Federal Rules of Criminal Procedure 6(e)(2)(B) and 6(e)(3)(E)(i) pertaining to disclosure of grand jury materials; Rule 16(d)(1) pertaining to regulation of criminal discovery; and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514") pertaining to personal identifying information (PII). This motion is based upon the files and records of this case and the points and authorities set forth below.[1]

//

//

---

[1] Nothing in this motion or in the Court's authorization should be construed as enlarging the government's discovery obligations or creating any right to material not otherwise discoverable, as determined by the government or as directed by the Court.

## I. MOTION TO DISCLOSE RECORDS

A. *Matters Occurring Before a Grand Jury*

As part of the Government's statutory and Constitutional discovery obligations in this case, it may be required to disclose grand jury matters to Defendants. Federal Rule of Criminal Procedure 6(e)(3)(E) allows for the disclosure of a matter occurring before the grand jury if authorized by the Court, subject to any conditions the Court directs. To the extent that any of the discovery materials the Government intends to produce to the defense may constitute a grand jury matter, the parties hereby move for authorization to disclose such grand jury matter "preliminarily to or in connection with a judicial proceeding" pursuant to Rule 6(e)(3)(E)(i), subject to the proposed Protective Order described below.

B. *Other Personal Information*

To "protect personal privacy of litigants," the Court's own General Orders 514, 514-A, 514-B, and 514-C prohibits the disclosure of the following "personal information": a) Social Security Numbers, b) names of minor children, c) dates of birth, d) financial account numbers, and e) in criminal cases, the home address of any individual. These orders, which are essentially blanket protective orders, also support the parties' motion here that a protective order should be issued.

C. *Investigative Pleadings Submitted Under Seal*

In order to meet its discovery obligations and allow the defendants to file any challenges they choose to raise, the United States may be required to disclose documents that are currently under seal. The parties request that the Court allow the United States to produce any such sealed documents pursuant to the terms of the proposed Protective Order, which allows defendants to use the records for purposes of preparing and presenting their defense. Any further disclosure, including use at trial, would require a motion to the Court to unseal such documents.

## II. MOTION FOR PROTECTIVE ORDER

As described above, the government anticipates that discovery in this case will require disclosure of documents presently under seal, and matters occurring before a grand

jury some of which contains PII, including bank account numbers, credit card numbers, addresses, phone numbers, email addresses, and other personal and sensitive information. Furthermore, a significant amount of discovery in this bribery case includes materials from various defense contractors and about various Government procurement actions, containing sensitive information relating to pricing strategies on Government contracts and other procurement sensitive and source selection related information.

Under the Federal Rules of Criminal Procedure, this Court is authorized to issue a protective order to "restrict . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect"). Pursuant to Criminal Local Rule 16.1.b this Court may hear and determine discovery motions. For the reasons set forth above, the parties respectfully request that the Court enter the proposed Protective Order regarding Discovery submitted herewith. The proposed Protective Order seeks that the Court:

1. Require that discovery produced by the United States be used by the defense team solely in this case, for investigation, preparing for trial, pre-trial motions, trial, and any appeals, and for no other purpose, including civil actions or other criminal cases. The proposed Protective Order does not require the defense team to file under seal with the Court any discovery materials used for these purposes, unless the document produced in discovery was previously filed, and remains, under seal;

2. Prohibit the members of the defense team from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a part of that defense team for any purpose other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case. The defense team includes defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case (the "Defense");

3. Require the Defense to take all reasonable steps to (a) maintain the confidentiality of the discovery and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party;

4. Allow the Defense to share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case provided that the defense informs any such individual(s) of this Order and obtains their written consent to comply with and be bound by its terms;

5. Allow the Defense to show witnesses discovery materials as necessary for the preparation of the Defense, but prohibit the defense from giving witnesses copies of the materials;

6. To the extent that the any of the above referenced criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, require that any filings referencing or containing said materials be redacted in a manner consistent with said General Order;

7. Require that, if defense counsel withdraws or is disqualified from participation in this case, the Defense shall provide to new counsel or return to the United States any and all copies of the discovery within 10 days;

8. Require the Defense to destroy or return to the United States any and all copies of the discovery within 90 days of the conclusion of the proceedings in the above referenced case, including any appeal; and

9. Require that each counsel of record shall: sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them; ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms; and file orders signed by each member of the defense team before giving that individual access to the discovery.

//
//
//

## III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court authorize disclosure of information as requested and issue the attached Protective Order.

DATED: December 2, 2024

Respectfully submitted,

TARA K. McGRATH
United States Attorney

*/s Katherine McGrath*
KATHERINE McGRATH
PATRICK SWAN
Assistant U.S. Attorneys


SIGNED: */s Aaron Dyer (with authorization)*
AARON DYER
Pillsbury Winthrop Shaw Pittman LLP
Attorney for Mark Larsen and Cask
Technologies, LLC